UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-20271-CIV-GAYLES/TURNOFF

ROGER JAVIER CARBALLO MONTES,
and all others similarly-situated,

    Plaintiffs,
vs.

LORENZO AUTO SERVICES CORP.,
and FRANCISCO J. JIMENEZ,

    Defendants.
_____/

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

COME NOW, Defendants, LORENZO AUTO SERVICES CORP., and FRANCISCO J. JIMENEZ, by and through their undersigned counsel, and hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint, and state:

1. It is admitted that Plaintiff purports to bring an action pursuant to the FLSA. All other allegations and inferences are denied.

2. It is admitted that venue lies with the Southern District of Florida. All other allegations and inferences are denied.

3. It is admitted that venue lies with the Southern District of Florida. It is admitted that the Corporate Defendant employed Plaintiff. All other allegations and inferences are denied.

4. Admitted that JIMENEZ is an FLSA employer.

5. It is admitted that venue lies with the Southern District of Florida. All other allegations and inferences are denied.

## COUNT I
## FEDERAL OVERTIME WAGE VIOLATION

6. Denied.

7. It is denied that the court has jurisdiction as Plaintiff is exempted from FLSA coverage because the corporate Defendant is not an enterprise engaged in commerce.

8. Paragraph 8 recites law and makes legal conclusions for which no response is necessary. All other inferences are hereby denied.

9. Denied.

10. Denied. Defendant is not an enterprise engaged in commerce and the Complaint does not allege sufficient facts to establish that Plaintiff was individually engaged in commerce. Assuming that the Court finds that the Complaint alleges sufficient facts for individual coverage such allegation is denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## AFFIRMATIVE DEFENSES

1. The Corporate Defendant is not an enterprise engaged in commerce and Plaintiff was not individually engaged in commerce (assuming the Court finds that the Complaint alleges sufficient fact to establish that Plaintiff was engaged in commerce).

2. Any compensation due to Plaintiff, if any must be offset by any premium compensation, overpayment, bonuses, compensatory time off, or other job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

3. Defendants' violation, if any, was not willful in nature, and the cause of action should only accrue for two years from the filing of the Complaint. Plaintiff's claim is barred, at least in part, by the applicable statute of limitations under the Statute of Limitations. 29 U.S.C. § 255.

4. Plaintiff's claim is barred by the doctrine of judicial estoppel.

5. Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act.

6. Plaintiff is not an employee of Defendants, in that he was an independent contractor.

WHEREFORE, Defendants, LORENZO AUTO SERVICES CORP., and FRANCISCO J. JIMENEZ respectfully request that the Court dismiss the Complaint in its entirety, enter a judgment in their favor and award costs incurred in the defense of this action and grant any and all other relief this court deems necessary.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF, to J.H. Zidell, Esq. of J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, Florida 33141, on this 23rd day of February, 2017.

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce De Leon Boulevard, Suite 902
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By: *s/Edilberto O. Marban*
    EDDY O. MARBAN, ESQ.
    Fl. Bar No. 435960